UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| JUAN EASON,<br>    *Plaintiff*,<br><br>v.<br><br>SYED NAQVI, *et al.*,<br>    *Defendants.* | :<br>:<br>:    CASE NO.<br>:    3:19-cv-218 (VAB)<br>:<br>:<br>: |

**INITIAL REVIEW ORDER**

Juan Eason ("Plaintiff"), *pro se* and currently incarcerated at the MacDougall-Walker Correctional Institution in Suffield, Connecticut, has filed a civil Complaint under 42 U.S.C. § 1983 against three Connecticut Department of Correction ("DOC") officials in their individual and official capacities: Dr. Syed Naqvi, Nurse Tawanna Furtick, and Officer Danek. Compl., ECF No. 1 (Feb. 14, 2019).

Mr. Eason claims that these Defendants violated his Eighth Amendment protection against cruel and unusual punishment by acting with deliberate indifference to his serious medical needs. *Id.* ¶ 14. He seeks monetary, injunctive, and declaratory relief. *Id.* ¶¶ 15–17.

On February 22, 2019, Magistrate Judge William I. Garfinkel granted Mr. Eason's motion to proceed *in forma pauperis*. Order, ECF No. 7 (Feb. 22, 2019).

For the following reasons, the Complaint is **DISMISSED in part**.

### I.    BACKGROUND

On April 28, 2016, Mr. Eason allegedly went to see Dr. Naqvi, the facility physician. Compl. ¶ 1. Dr. Naqvi allegedly diagnosed Mr. Eason with a ventral hernia and gave him an abdominal binder to wear for the next six months. *Id.* ¶¶ 1–2. No other treatment allegedly was provided for the hernia. *Id.* ¶ 3.

On July 19, 2018, Mr. Eason allegedly was working his job assignment in the barber shop. *Id.* ¶ 5. When he bent down to pick up some trash, he allegedly experienced a sharp pain in his abdominal area. *Id.* Nurse Shanya Graham allegedly removed him from the unit in a wheelchair and brought him to the medical area for evaluation. *Id.* There, Dr. Wright allegedly ordered that Mr. Eason be transported to the University of Connecticut ("UConn") Hospital emergency room. *Id.* ¶ 6.

Mr. Eason allegedly became ill again on August 4, 2018, experiencing the same pain in his abdomen. Compl. ¶ 7. He allegedly was again brought to the medical unit, where a physician ordered that he be transported to the hospital for further evaluation. *Id.* Mr. Eason's condition allegedly had not changed since his last hospital visit. *Id.* The attending physician at the hospital allegedly discovered that Mr. Eason had H-Pylori, a bacterial infection, and recommended follow-up testing as well as pain medication. *Id.* ¶¶ 7–8; Pl.'s Ex. 6, ECF No. 1 at 21. Dr. Naqvi, however, allegedly never evaluated Mr. Eason for H-Pylori. *Id.* at ¶ 8.

Mr. Eason allegedly has been using the administrative remedy procedure to address the medical issues he has been experiencing for the last two years to no avail. Compl. ¶ 10. Nurse Furtick allegedly stated that she has received Mr. Eason's written requests, but allegedly refuses to respond to any of them. *Id.* at ¶¶ 11–12.

## II.   STANDARD OF REVIEW

Under 28 U.S.C. § 1915A(b), district courts must review prisoners' civil complaints against governmental actors and *sua sponte* "dismiss . . . any portion of [a] complaint [that] is frivolous, malicious, or fails to state a claim upon which relief may be granted," or that "seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b); *see*

2

*also Liner v. Goord*, 196 F.3d 132, 134 & n.1 (2d Cir. 1999) (explaining that, under the Prisoner Litigation Reform Act, *sua sponte* dismissal of frivolous prisoner complaints is mandatory); *Tapia-Ortiz v. Winter*, 185 F.3d 8, 11 (2d Cir. 1999) ("Section 1915A requires that a district court screen a civil complaint brought by a prisoner against a governmental entity or its agents and dismiss the complaint *sua sponte* if, *inter alia,* the complaint is 'frivolous, malicious, or fails to state a claim upon which relief may be granted.'" (quoting 28 U.S.C. § 1915A)).

Rule 8 of the Federal Rules of Civil Procedure requires that a plaintiff plead only "a short and plain statement of the claim showing that the pleader is entitled to relief," *see* Fed. R. Civ. P. 8(a)(2), to provide the defendant "fair notice of what the . . . claim is and the grounds upon which it rests," *see Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

A plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level" and assert a cause of action with enough heft to show entitlement to relief and "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 555, 570. A claim is facially plausible if "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Although the Federal Rules of Civil Procedure do not require "detailed factual allegations," a complaint must offer more than "labels and conclusions," "a formulaic recitation of the elements of a cause of action," or "naked assertion[s]" devoid of "further factual enhancement." *Twombly*, 550 U.S. at 555–57. Plausibility at the pleading stage is nonetheless distinct from probability, and "a well-pleaded complaint may proceed even if it strikes a savvy

judge that actual proof of [the claim] is improbable, and . . . recovery is very remote and unlikely." *Id*. at 556 (internal quotation marks omitted).

Complaints filed by *pro se* plaintiffs, however, "must be construed liberally and interpreted to raise the strongest arguments that they suggest." *Sykes v. Bank of Am.*, 723 F.3d 399, 403 (2d Cir. 2013) (quoting *Triestman v. Fed. Bureau of Prisons*, 470 F. 3d 471, 474 (2d Cir. 2006)) (internal quotation marks omitted); *see also Tracy v. Freshwater*, 623 F. 3d 90, 101–02 (2d Cir. 2010) (discussing the "special solicitude" courts afford pro se litigants).

### III. DISCUSSSION

To state a claim for deliberate indifference to a serious medical need, Mr. Eason must show both that his medical need was serious and that the defendants acted with a sufficiently culpable state of mind. *Smith v. Carpenter*, 316 F.3d 178, 184 (2d Cir. 2003) (citing *Estelle v. Gamble*, 492 U.S. 97, 105 (1976)). There are both objective and subjective components to the deliberate indifference standard. *See Hathaway v. Coughlin*, 37 F.3d 63, 66 (2d Cir. 1994) (explaining the objective and subjective components of deliberate indifference).

Objectively, the alleged deprivation must be "sufficiently serious." *Wilson v. Seiter*, 501 U.S. 294, 298 (1991). "When the basis for a prisoner's Eighth Amendment claim is a temporary delay or interruption in the provision of otherwise adequate medical treatment, it is appropriate to focus on the challenged *delay* or *interruption* in treatment rather than the prisoner's *underlying medical condition* alone in analyzing whether the alleged deprivation is, in objective terms, sufficiently serious, to support an Eighth Amendment claim." *Smith*, 316 F.3d at 185 (emphasis in original) (internal quotations omitted).

Subjectively, the defendants must have been actually aware of a substantial risk that Mr. Eason would suffer serious harm as a result of their actions or inactions. *See Salahuddin v. Goord*, 467 F.3d 263, 281 (2d Cir. 2006) ("The charged official must be subjectively aware that his conduct creates such a risk." (citation omitted). Negligence that would support a claim for medical malpractice does not rise to the level of deliberate indifference and is not cognizable under § 1983; *see id.* at 280 ("But recklessness entails more than mere negligence; the risk of harm must be substantial and the official's actions more than merely negligent."); nor does a difference of opinion regarding what constitutes an appropriate response and treatment. *See Ventura v. Sinha*, 379 F. App'x 1, 2–3 (2d Cir. 2010) ("Indeed, we have observed that a disagreement with the medical care provided is insufficient to state a constitutional claim[.]"); *Chance v. Armstrong*, 143 F.3d 698, 703 (2d Cir. 1998) ("It is well-established that mere disagreement over the proper treatment does not create a constitutional claim.").

Mr. Eason claims that the defendants have acted with deliberate indifference to his serious medical needs, in violation of his Eighth Amendment protection against cruel and unusual punishment.

The Court will permit his claim to proceed against Dr. Naqvi and Nurse Furtick, but dismiss the claim against Officer Danek.

Construing his allegations liberally, Mr. Eason has stated a plausible Eighth Amendment claim against Dr. Naqvi for failing to implement the hospital physician's recommendations regarding his hernia and follow-up testing for H-Pylori. He also alleges that Nurse Furtick continuously refused to respond to his written requests for medical treatment. Based on these factual allegations, the Court will permit the Eighth Amendment claim to proceed against Dr.

Naqvi and Nurse Furtick in their individual capacities for damages and in their official capacities for injunctive relief.

Mr. Eason has not, however, stated a plausible claim against Officer Danek. "It is well settled . . . that personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983." *Wright v. Smith*, 21 F.3d 496, 501 (2d Cir. 1994) (internal quotation marks omitted); *see also Johnson v. Glick*, 481 F.2d 1028, 1034 (2d Cir. 1973) (doctrine of *respondeat superior* does not suffice for claim of monetary damages under § 1983). Mr. Eason has not alleged any facts showing Officer Danek's personal involvement in the alleged deprivation of medical care.

Accordingly, his claim against Officer Danek will be dismissed.

In addition to damages, Mr. Eason seeks a declaratory judgment "that [the] acts and omissions violated [his] rights and stating the defendants' duties with respect to those rights." Compl. ¶ 15. Declaratory relief operates prospectively to enable parties to adjudicate claims before either side suffers great damages. *See In re Combustion Equip. Assoc., Inc.*, 838 F.2d 35, 37 (2d Cir. 1998) (explaining the purpose of the Declaratory Judgment Act). Mr. Eason has not identified any legal relationships or issues that require resolution by declaratory relief. *See Ward v. Thomas*, 207 F.3d 114, 119–20 (2d Cir. 2000) (Eleventh Amendment bars declaration that state violated federal law in the past).

Accordingly, the request for declaratory relief will be dismissed.

**ORDER**

(1) The Eighth Amendment claims may proceed against Dr. Naqvi and Nurse Furtick in their individual capacities for damages and in their official capacities for injunctive relief. The claim against Officer Danek and the request for declaratory relief are **DISMISSED**.

(2) The Clerk of Court shall prepare a summons form and send an official capacity service packet, including the Complaint, to the United States Marshal Service. The U.S. Marshal is directed to effect service of the Complaint on the defendants in their official capacities at the Office of the Attorney General, 55 Elm Street, Hartford, CT 06141, by **May 15, 2020** and to file a return of service by **May 29, 2020**.

(3) The Clerk of Court shall verify the current work addresses for Dr. Naqvi and Nurse Furtick with the DOC Office of Legal Affairs, mail a waiver of service of process request packet containing the Complaint and this Order to those defendants at the confirmed addresses by **May 15, 2020**, and report to the Court on the status of the waiver requests by **May 29, 2020**. If any defendant fails to return the waiver request, the Clerk of Court shall make arrangements for in-person service by the U.S. Marshals Service on him/her, and he/she shall be required to pay the costs of such service in accordance with Fed. R. Civ. P. 4(d).

(4) The Clerk of Court shall send a courtesy copy of the Complaint and this Order to the DOC Office of Legal Affairs.

(5) Dr. Naqvi and Nurse Furtick shall file their response to the Complaint, either an Answer or motion to dismiss, by **July 10, 2020**. If they choose to file an Answer, they shall admit or deny the allegations and respond to the cognizable claims recited above. They may also include any and all additional defenses permitted by the Federal Rules.

(6) Discovery, under Fed. R. Civ. P. 26–37, shall be completed by **November 13, 2020**. Discovery requests need not be filed with the Court.

(7) The parties must comply with the District of Connecticut "Standing Order Re: Initial Discovery Disclosures," which will be sent to both parties by the Court. The Order can also be found at http://ctd.uscourts.gov/administrative-standing-orders.

(8) All motions for summary judgment shall be filed by **December 18, 2020** .

(9) Under Local Civil Rule 7(a), a nonmoving party must respond to a dispositive motion within twenty-one (21) days of the date the motion was filed. If no response is filed, or the response is not timely, the dispositive motion can be granted absent objection.

(10) If Mr. Eason changes his address at any time during the litigation of this case, Local Court Rule 83.1(c)2 provides that he MUST notify the court. **Failure to do so can result in the dismissal of the case.** Mr. Eason must give notice of a new address even if he is incarcerated. He should write "PLEASE NOTE MY NEW ADDRESS" on the notice. It is not enough to just put the new address on a letter without indicating that it is a new address. If Mr. Eason has more than one pending case, he should indicate all of the case numbers in the notification of change of address. He should also notify Defendants or defense counsel of his new address.

**SO ORDERED** at Bridgeport, Connecticut this 20th day of April, 2020.

/s/_____
Victor A. Bolden
United States District Judge